### James J. Loughlin, trading as James J. Loughlin and Company, Defendant in Error, v. G. Heileman Brewing Company, Plaintiff in Error.

### Gen. No. 19,544. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

## Statement of the Case.

Action by James J. Loughlin, trading as James J. Loughlin and Company against G. Heileman Brewing Company, a corporation, and J. A. Johnson to recover a certain sum claimed to be due for plumbing work done in Johnson's saloon under a contract with John-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

son for the Brewing Company.  Upon Johnson's failure to appear, an order of the court was entered on January 24, 1913, which, after reciting a rule upon Johnson to appear *instanter* and his being called in open court, and also service of process "a sufficient number of days prior to the time required of said defendant to appear as aforesaid to now require of said defendant that said defendant either appear in this cause at this time or that said defendant suffer judgment by default for want of such appearance," proceeded as follows:

"It is on motion of the plaintiff ordered by the Court that judgment be entered herein against the defendant John A. Johnson by default for want of an appearace."

No further order or judgment was made by the court concerning Johnson until April 17, 1913, when "the plaintiff moves the Court that the default of the defendant, John A. Johnson, entered herein on the 24th day of January, 1913, be vacated and set aside, which motion the Court sustains and the same is hereby vacated and set aside and for naught esteemed."

Subsequently the suit was dismissed as against Johnson and a judgment was recovered against the Brewing Company alone for $314.35.  To reverse the judgment, the Brewing Company prosecutes a writ of error.

Defendant urged as ground for reversal that plaintiff having elected to proceed to judgment against Johnson, the alleged agent, the election was final and he could not thereafter hold the alleged principal.

EDWIN H. CASSELS, FRANCIS ADAMS, JR. and KENNETH B. HAWKINS, for plaintiff in error.

D. K. COCHRANE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 112*—*when order of default not default judgment.* An order of court *held* to be a mere order of default inartificially expressed and not a default judgment.

2. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to establish agency to contract.* In an action against a brewing company to recover for plumbing work done in a saloon which was operated by a third party, whom the plaintiff claimed was authorized by defendant to contract for the work, *held* that a judgment in favor of plaintiff was sustained by the evidence.